IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIANNA MARIE KELLEY,

        Plaintiff,

v.                                 CIVIL ACTION NO.  2:11-cv-00610

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Dianna Marie Kelly's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2].  By Standing Order entered September 2, 2010, and filed in this case on September 9, 2011, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R").  Magistrate Judge Stanley filed a PF&R (Docket 12) on May 31, 2012, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.  Objections to the PF&R in this case were due on June 18, 2012.  Plaintiff filed timely objections on June 17, 2012 [Docket 13].

*I.  BACKGROUND*

The factual and procedural background of this case is thoroughly and accurately set forth in the PF&R and need not be fully reiterated here.  For the purposes of addressing Plaintiff's specific objections to the PF&R, the following background is pertinent:

Among other health issues, Plaintiff sustained a fracture of her left ring-finger after being kicked by a horse in November 2008. (Docket 9-11 at 2-5, 13-14, 20-21.)    She underwent

surgery for the fracture and, in the opinion of her surgeon, Robert W. McCleary, had a "near perfect anatomical reduction."[1] (Docket 9-11 at 5.)  There is no evidence that Plaintiff ever sought or required any further treatment for her finger.

Plaintiff filed an application for Disability Insurance Benefits ("DIB") in May 2009, alleging disability as of October 1, 2007, as a consequence of a variety of health issues, including pain in her left hand. (Docket 9-7 at 45-80.)  Plaintiff's disability claim was denied on initial review and on reconsideration. (Docket 9-3 at 3-4, 70.)

In June 2010, a hearing before Administrative Law Judge ("ALJ"), James P. Toschi, was held. Plaintiff was represented by counsel. Following the testimony of two impartial medical experts, one impartial vocational expert, and review of Plaintiff's medical and disability records, the ALJ issued a twelve-page, single-spaced written decision denying Plaintiff's claim. (Docket 92 at 31-42.)  The ALJ, after applying the five-step disability determination framework set forth in 20 CFR § 404.1520, concluded that Plaintiff, although having several severe physical impairments, has the capacity to perform sedentary work (such as her previous employment as a receptionist.) (*Id.* at 41.)  Thus, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act and was not entitled to disability benefits. (Docket 9-2 at 31-42.)  Plaintiff's administrative appeal of the ALJ's decision was denied. (*Id.* at 2.)  Having exhausted her administrative remedies, Plaintiff filed her Complaint in this Court on September 9, 2011, challenging the Commissioner's final decision. (Docket 2.)

---

[1] "Reduction" is a medical term defined as "[t]he restoration, by surgical or manipulative procedures, of a part to its normal anatomic relation." *Stedman's Medical Dictionary* (28th ed. 2006)

2

Plaintiff objects to the PF&R, contending that Magistrate Judge Stanley "ignore[d] the evidence supporting claimant's disability and misstates the evidence in [sic] used to support her finding." (Docket 13 at 1.) Plaintiff makes four specific objections. First, she quarrels with the Magistrate Judge's affirmance of the ALJ's reliance on the opinion of Robert W. McCleary, Plaintiff's hand surgeon. Dr. McCleary described the result of the surgery on Plaintiff's left ring-finger as "a near perfect anatomical reduction." (*Id.* at 2.) Second, Plaintiff contends the Magistrate Judge erred by "completely dismissing" the report of Jules Barefoot, M.D., a consultative evaluator, and further faults the Magistrate Judge for agreeing with the ALJ that Dr. Barefoot's report was not reliable. (*Id.*) Third, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly credited the opinion of Dr. Robert Marshall, a non-examining medical expert who testified at the June 23, 2010, administrative hearing. (*Id.*) More specifically, Plaintiff takes issue with Dr. Marshall's testimony that Plaintiff's prior fracture to her left ring finger caused Plaintiff only "minor" manipulation problems with her left hand. Plaintiff argues that, rather than rely on the "Dr. Marshall's subjective opinion" the ALJ should have relied on the "objective operative reports and radiographs" and Dr. Barefoot's "objective examination." (*Id.*) Finally, Plaintiff claims the Magistrate Judge misstated her argument regarding her alleged "inability to perform her past work." (Docket 10). (*Id.*)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no

3

objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court's review in this case is limited to determining whether the contested factual findings of the Commissioner—as set forth in the decision of his designee, ALJ James P. Toschi—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner]

(or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987); *see also Hays*, 907 F.2d at 1456. Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if his conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

### III. DISCUSSION

Plaintiff makes four specific objections to the PF&R, none of which, for the reasons that follow, have merit.

Plaintiff first argues that the ALJ improperly found that medical record as a whole did not support a finding that she was not able to find work in her former occupation as a receptionist. Plaintiff's specific allegation is that the ALJ improperly credited the opinion of Dr. McCleary, Plaintiff's hand surgeon, who described the surgical result as "a near perfect anatomical reduction." (Docket 9-11 at 5.) Plaintiff, citing the Merriam-Webster dictionary, claims that the phrase "near perfect" is ambiguous and further contends that this phrase does not "describe the procedure as a whole." (*Id.*) She further directs the Court's attention to an allegedly conflicting item of evidence, namely a post-operative radiology report detailing the results of a "single fluoroscopic spot view image." (*Id.* at 6.) This image appears to have been made several hours after Plaintiff's surgery. (*Id.*) The report contains the opinion of Grant D. Petty, M.D., presumably a radiologist, who states that Plaintiff had a "mildly comminuted fracture at the left fourth proximal phalanx" and that "the fracture fragments are in rough anatomic alignment." (Docket 9-11 at 385.)

To the extent that Plaintiff argues that the Magistrate Judge erred in crediting Dr. McCleary's opinion that his surgical result was "near perfect," the Court rejects that argument. There is nothing ambiguous about what Dr. McCleary meant when he described his successful surgery on Plaintiff's finger as "near perfect." Plaintiff asks the Court to discredit Dr. McCleary's opinion just because the radiologist's post-operative characterization of the surgical repair of Plaintiff's finger was that the bone fragments were in "rough anatomic alignment." The Court rejects Plaintiff's argument because, even if one assumes this evidence conflicts with Dr. McCleary's opinion, the Court may not re-weigh conflicting evidence. Rather, the Court's task is limited to determining whether the Commissioner's decision is supported by substantial evidence and was reached through application of the correct legal standards.

Substantial evidence supports the Commissioner's decision to deny Plaintiff disability benefits. As the Magistrate Judge noted in her thorough PF&R, Plaintiff's fractured finger was successfully repaired in 2008 by Dr. McCleary, and there is no evidence that Plaintiff had, needed, or even sought any further treatment for her finger. Dr. Marshall testified at the administrative hearing that he reviewed the medical records in the case. (Docket 92- at 51.) He opined that Plaintiff's left finger fracture was "only a minor problem" because Plaintiff was right-handed. (Docket 92- at 56.) Further, the vocational expert testified that based on Plaintiff's age, education, and work experience, she would be capable of performing her former sedentary jobs (i.e. receptionist) with certain limitations. (Docket 92 at 57-58.)

Plaintiff contends that Magistrate Stanley erred because the ALJ should not have credited the testimony of Dr. Marshall, a non-examining physician, and should have credited the opinion of a physician who actually examined Plaintiff, that is, Dr. Barefoot. The Magistrate Judge, like

6

the ALJ, correctly discounted the opinions of Plaintiff's examining physician, Dr. Barefoot, that Plaintiff had diminished flexion in three of her left hand fingers. (*See* Docket 9-11 at 24.) Dr. Barefoot's assessment was flawed in several respects. First, Dr. Barefoot appears to contradict his own opinion because, in his "Range of Motion" note, he states that Plaintiff "was fully able to flex the long, ring, and little finger of the left hands [sic]" (*Id.*) Second, Dr. Barefoot was under the false impression that Plaintiff had sustained "multiple" fractures to her hand. (*Id.* at 23.) And, lastly—and perhaps most importantly—Dr. Barefoot appears to have had no idea that Plaintiff underwent surgery to repair the fracture. Dr. Barefoot's "History of Present Illness" section of his report states that Plaintiff advised him that "she sustained multiple fracture [sic] to her left hand one year ago when she was kicked by a horse. This was treated with casting only." (*Id.* at 23.) This information is simply false. For all these reasons, the Magistrate Judge and the ALJ properly found Dr. Barefoot's opinions unreliable.

Finally, Plaintiff claims the Magistrate Judge misstated her argument regarding her alleged "inability to perform her past work." (Docket 13 at 3.) Plaintiff first directs the Court to the section of the PF&R that addresses the ALJ's findings with regard to Plaintiff's credibility. (*Id.*) There, the Magistrate Judge addresses and rejects Plaintiff's argument that the ALJ erred by discrediting Plaintiff's subjective complaints of pain. Plaintiff next directs the Court to a passage contained in her "Brief in Support of Judgment on the Pleadings." Plaintiff states that her argument that the ALJ erred in finding Plaintiff was able to perform her prior work was not limited to her own statements concerning her "manipulative impairments." Rather, she intended that argument to extend to "the record as a whole including the objective evidence of record, the operative report, the post-op radiographs, and the objective findings of Dr. Barefoot." (Docket

7

13.) The Court agrees with Plaintiff that her argument was not limited to Plaintiff's statement, but rather extended to the record as a whole. Reviewing the PF&R, however, it is clear that the Magistrate Judge did not misconstrue Plaintiff's argument. In reviewing the question of whether Plaintiff could perform her past work, the PF&R thoroughly cites the medical evidence of record, the vocational expert's testimony, as well as Plaintiff's statements. (*See* Docket 12 at 17-23.)

For the foregoing reasons, the Court finds that the contested factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards.

## IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R (Docket 12), **OVERRULES** Plaintiff's Objections to the PF&R [Docket 13], **DISMISSES** Plaintiff's Complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 25, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE